[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On January 27, 1999, plaintiff-appellant Lamont Montana and his co-defendant, Robert Dixon, encountered Brooks Crockett as he walked home from a bus stop. Montana and Dixon struck Crockett in the head repeatedly with sticks, pulling his coat off and forcing him to drop a shopping bag he had been carrying. Crockett escaped and called the police. Montana and Dixon were arrested a short time later, still in possession of Crockett's coat, the contents of the shopping bag, and the sticks. Montana and Dixon were charged with aggravated robbery in violation of R.C. 2911.01(A)(1). Following a bench trial, both were convicted and sentenced of record.
In his appeal, Montana asserts that the trial court erred in convicting him when the evidence presented at trial was insufficient to support a finding of guilt. He also argues that his conviction went against the manifest weight of the evidence. The basis for both of Montana's assignments of error is his contention that the state failed to prove that he intended to rob Crockett, and that the evidence showed only that he assaulted him and then retrieved Crockett's abandoned items. We disagree.
At his bench trial, Montana testified that he had no intent to rob Crockett, and that he was only venting his anger as a result of an earlier unrelated incident. On appeal, Montana asserts that his testimony was the only evidence from which the trier of fact could have adduced intent. Such an assertion ignores the fact that circumstantial evidence can be used to prove an essential element of an offense.[1] A trier of fact is not only entitled, but obligated, to look at all the evidence when determining whether a defendant possessed the requisite intent to commit the crime with which he is charged.
The record in the case before us contains overwhelming evidence supporting the conclusion that Montana intended to rob Crockett, not simply to assault him. The evidence showed that Montana and Dixon acted in concert to physically incapacitate Crockett so that they could take his coat and shopping bag. When reviewing the record for sufficiency of the evidence, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[2] In contrast, reviewing the record for weight of the evidence involves a consideration of the "inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other."[3] Whether the evidence is legally sufficient to sustain a verdict is a question of law, while a determination of whether a conviction is against the manifest weight of the evidence is based on the probity and credibility of the evidence.[4]
We hold that the evidence adduced at trial was sufficient as a matter of law to support the finding by the trial court that Montana intended to commit a theft offense and did so by the use of deadly force when he beat Crockett over the head with a stick and deprived him of his property. Furthermore, we hold that Montana's conviction for aggravated robbery did not go against the manifest weight of the evidence. The circumstances surrounding the attack and robbery of Crockett constituted credible evidence of Montana's guilt. Accordingly, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.
 To the Clerk:
Enter upon the Journal of the Court on April 5, 2000
per order of the Court.
 _________________ PRESIDING JUDGE DOAN
[1] State v. Hamm (Nov. 20, 1998), Hamilton App. No. C-970435, unreported; State v. Lott (1990), 51 Ohio St.3d 160,555 N.E.2d 293.
[2] State v. Smith (1997), 80 Ohio St.3d 89, 113, 684 N.E.2d 668,691, citing to State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
[3] State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546.
[4] Id., at 387, 678 N.E.2d 541, 547.